IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

SEDARIOUS LAWRENCE,

Defendant.

CIVIL ACTION NO.
1:17-CR-126-LMM-CMS

## **ORDER**

This case comes before the Court on the Magistrate Judge's Reports and Recommendations ("R&R") [102, 133], recommending that Defendant Lawrence's Motion to Suppress Statements [16], Motion to Suppress Evidence [17], and Supplemental Motion to Suppress Search and Seizure [131] be denied. Pursuant to 28 U.S.C. § 636(b)(1), Defendant Lawrence filed a Supplemental Motion to Suppress and Request for a Hearing [131] and Objections [135] to the R&Rs. After due consideration, the Court enters the following Order:

I.   **FACTUAL BACKGROUND**

The procedural history of Defendant's Motions [16, 17] is lengthy and set out, without objection, in the R&R. It is reprinted below:

> Defendant was arraigned on April 21, 2019, making the original deadline for filing pretrial motions May 5, 2017, pursuant to this Court's Local Rule 12.1B. [Doc. 6]. Thereafter, Defendant requested, and was granted, three extensions of time to file pretrial motions. [Docs. 4, 9, 20, 22, 24]. Ultimately, the final deadline for filing pretrial

motions was June 20, 2017. [Doc. 24]. The instant motion was filed on February 19, 2019, nearly twenty months late. Under the rules cited above, the motion is untimely, and the Court should not entertain it unless there has been a showing of good cause for the delay. See FED. R. CRIM. P. 12(e).

A review of the procedural history of this case is necessary to place the filing of this untimely motion in context. Defendant was originally represented by an attorney with the Federal Defender Program who filed multiple motions on Defendant's behalf, including a motion to suppress statements and a motion to suppress evidence that addressed the legality of the stop and search of Defendant's vehicle, as well as certain statements that Defendant made during the traffic stop. [Docs. 16, 17 (the "Suppression Motions")]. [Judge Salinas] held an evidentiary hearing on the Suppression Motions on July 17, 2017. [Docs. 38, 42]. During the hearing, Defendant indicated that he wished to conduct additional discovery, which [Judge Salinas] permitted, and [she] left the evidence open. Thereafter, [Judge Salinas] continued the evidentiary hearing to August 7, 2017, at which time the parties presented additional evidence. [Docs. 48, 49, 54]. After the evidence closed, Defendant filed a request for new counsel. [Doc. 56]. [Judge Salinas] granted the request, and on September 20, 2017, [Judge Salinas] appointed replacement counsel. [Doc. 58]. At Defendant's request, [Judge Salinas] then extended the time for Defendant to file a post-hearing brief three times. [Docs. 58, 62, 66, 71]. Defendant then filed a post-hearing brief, the Government filed a response, and Defendant filed a reply. [Docs. 69, 72, 74].

In early April 2018, Defendant again requested new counsel and stated that he wished to represent himself. [Judge Salinas] conducted hearings on these requests and denied them. [Docs. 91, 92, 98, 99, 100, 101, 107].

On April 27, 2018, [Judge Salinas] issued a Final Report and Recommendation ("R&R") recommending that the Suppression Motions be denied and certifying the case ready for trial. [Doc. 102]. Defendant did not file any objections to [Judge Salinas's] R&R, and on May 16, 2018, Judge May adopted the R&R, denied the Suppression Motions, and set the case for trial. [Doc. 105, Docket Entry dated May 17, 2018].

Thereafter, Defendant again requested a change in counsel. [Doc. 109]. Judge May held a hearing, after which she granted

Defendant's request and appointed new counsel to represent Defendant. [Docs. 110, 111]. The minute sheet for the hearing states, "The Court will allow new counsel to review the [R&R]. New counsel should inform the Court if he/she would like to file objections to the [R&R]. The Court informed Defendant that this would be the last attorney the Court would appoint him." [Doc. 110]. Judge May then issued an order giving Defendant's counsel until August 6, 2018 "to review the record and inform the Court if she will be filing any objections" to the R&R. [Doc. 112]. Thereafter, Judge May gave Defendant four extensions of time to file objections to the R&R, totaling nearly **seven months** in additional time. [Docs. 114, 123, Docket Entries dated September 5, 2018 and October 30, 2018]. Ultimately, the deadline for Defendant's new counsel to file objections to the R&R was extended to March 1, 2019. [Doc. 123].

Meanwhile, on January 30, 2019, Defendant filed a Motion for Issuance and Service of Subpoena to Produce Documents, in which he sought certain video evidence as well as information about the vehicles that the officers were driving on the date he was arrested. [Doc. 124]. Although Defendant had not obtained approval from the Court to file this motion, and the deadline for filing pretrial motions had already expired, Judge May decertified the case "for consideration of Defendant's Motion for Issuance and Service of Subpoena to Produce Documents." [Doc. 125]. In her decertification order, Judge May did not give Defendant permission to file additional motions. [Id.]. After [Judge Salinas] ordered Defendant to narrow the request to items that were not the subject of previous subpoena requests and/or that had not been provided by the Government, Defendant withdrew his Motion for Issuance and Service of Subpoena to Produce Documents on February 19, 2019. [Docs. 128, 130].

The March 1, 2019 deadline for filing objections to the R&R has now passed, and Defendant has filed none. Instead, Defendant has elected—without court permission—to file a new motion to suppress evidence and request for an evidentiary hearing. [Doc. 131]. Perhaps in an effort to show good cause for his delay, Defendant states that the reason for filing the instant motion to suppress is that "previous counsel failed to argue, and this Honorable Court failed to address, whether even assuming the traffic stop was lawful, the officers were justified in *searching Defendant's vehicle*." [Doc. 131 at 2 (emphasis in original)]. Defendant's statement is factually incorrect.

> Defendant's previous counsel did, in fact, raise the issue of the legality of the search, separate and apart from the stop. In Defendant's motion to suppress evidence filed on May 17, 2017, Defendant sought to suppress "all fruits obtained from an illegal search and seizure, . . . as well as all statements allegedly made by Defendant subsequent to the unlawful search and seizure." [Doc. 17 at 2]. In his brief filed after the evidentiary hearing, however, Defendant did not address the validity of the search, choosing instead to focus on the legality of the stop. [Doc. 69 at 1]. The Government noted this fact in its own post-hearing brief, arguing that Defendant had "abandoned any argument that, if the traffic stop was valid, the officers did not have probable cause to search his vehicle" and went on to specifically address the legality of the search in its submission. [Doc. 72 at 16]. The Government advocated for the applicability of the automobile exception to the Fourth Amendment's warrant requirement and argued that, under the totality of the circumstances, there was a fair probability that contraband or evidence of a crime would be found in Defendant's vehicle. [Id. at 16–18]. Defendant then filed a reply brief without refuting the Government's position that the issue of the search had been abandoned and without addressing the Government's arguments concerning the officers' probable cause to search the vehicle. [Doc. 74]. While it is true that [Judge Salinas's] R&R did not address the legality of the search separate and apart from the legality of the stop, it was not due to any oversight, but rather because Defendant obviously had abandoned that issue.

R&R, Dkt. No. [133] at 3-7.

## II. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendant filed objections, the Court reviews the Magistrate Judge's challenged recommendations on a *de novo* basis. 28 U.S.C. § 636(b)(1).

4

## III. DISCUSSION

The Magistrate Judge makes the following recommendations: (1) Defendant's Supplemental Motion to Suppress and Request for a Hearing [131] is untimely, having been filed well after the Court-imposed pretrial motion deadline; and, (2) even if it was timely, the search was supported by probable cause. This Court agrees.

First, as to the timeliness issue, Defendant objects that based upon conversations he had with the Magistrate Judge, he thought he could reopen and/or refile his motion to suppress in its entirety with new counsel. See Reply, Dkt. No. [139] at 2. The Court has reviewed that transcript and does not find that the Magistrate Judge intimated any such thing. As the undersigned ordered, this matter was decertified so that Defendant could file *objections* to the R&R. See August 20, 2018 Minute Order ("MINUTE ORDER allowing Defendant's counsel through and including September 4, 2018 to file **objections** to the Final Report and Recommendation 102 as to Sedarious Lawrence. The period of time between August 20, 2018 and September 4, 2018 is excluded from the Speedy Trial Act.") (emphasis added). Defendant recognized as much when he filed an extension of time. See Dkt. No. [120] (styling his motion as "Third Unopposed Motion for Additional Time to File **Objections** to the Report and Recommendation") (emphasis added). Thus, for the many reasons stated in the R&R, this

5

Defendant's Supplemental Motion [131] is untimely and the R&R is **ADOPTED** as to this issue.

But even if the Court were to consider the merits of Defendant's Motion construed as Objections to the R&Rs, the Court also agrees with the Magistrate Judge that the search was supported by probable cause. The Magistrate Judge correctly found that, even assuming a K9 officer was on scene and did not alert, the totality of the circumstances suggest that the officers had probable cause to believe contraband was in the vehicle. See R&R, Dkt. No. [133] at 9-16; R&R Dkt. No. [102] at 12-17. Thus, the Court also **ADOPTS** the Magistrate Judge's alternative reasoning regarding the motion's substance.

## IV. CONCLUSION

The Court **OVERRULES** Defendant Lawrence's objections and again **ADOPTS** the Magistrate Judge's Reports and Recommendations ("R&R") [102, 133]. Defendant Lawrence's Motion to Suppress Statements [16], Motion to Suppress Evidence [17], and Supplemental Motion to Suppress Search and Seizure [131] are **DENIED**.

The trial in this action is hereby set to begin on **Monday, August 26, 2019 at 9:30 A.M.** in Courtroom 2107. The pretrial conference will be held on Monday, August 20, 2019 at 9:30 A.M. in Courtroom 2107. By noon on Wednesday, August 7, 2019, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on Wednesday, August 7, 2019, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire*. By

noon on Wednesday, August 14, 2019, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through August 16, 2019, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 21st day of May, 2019.

*(signature)*
**Leigh Martin May**
**United States District Judge**